# COURT OF COMMON PLEAS OF BALTIMORE CITY

Filed February 13, 1897.

LEVI C. WEIR, ET AL.,

VS.

LAKE ROLAND ELEVATED RY. CO.

*William S. Thomas* for the plaintiff.
*Francis K. Carey* for defendant.

HARLAN, J.—

I have carefully weighed the defendants' motion for a new trial in this case, and the reasons assigned in support of the same, and have reached the conclusion that the motion should be overruled. The damages awarded by the jury, cannot, in my judgment, be regarded as excessive in view of the evidence produced at the trial, and the occurrence at the time of the jury's inspection of the premises, which is complained of as accounting for this alleged over-large verdict, cannot, when all the surrounding circumstances are considered, be given the importance which is sought to be attached to it. The request which the jury made of John Hood, that a wagon should be driven in and out of the North street entrance of plaintiff's property, while irregular, was not unnatural, or unreasonable in itself, and it is not every slight irregularity, which may happen during a view, that will require the Court to set aside the verdict.

There is no suggestion, or at least proof, that the so-called experiment which the jury requested was conducted in bad faith, or with intent to mislead; one of the largest express wagons was used, it was driven out and in without coming in contact with the elevated structure or stone abutment, and the accidental circumstance that one of the horses slipped or stumbled, and fell upon one or both knees, in turning from the street into the driveway across the side walks, on an iron gutter plate or on the asphalt block paving, with the presence of which the railway had nothing to do, even though, after such slipping the team was stopped, and driven south and turned around and driven back into the building from that direction from which the turn into the driveway easier, was not calculated to prejudice any ordinarily intelligent man looking on, seeing where the horse stumbled, and observing the matter, in his judgment of the extent to which the elevated structure interfered with the access to the property on North street. It was admitted at the argument, that if the jury during its inspection, had seen a wagon coming in,

in the ordinary course of the plaintiff's business, and the occurrence now complained of had taken place, there would have been no just cause to disturb the verdict, and I do not think that the situation was so far changed by what was done as to require it now. The motion for a new trial will be overruled and judgment entered on the verdict.